```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT

JAMES VAN DE VELDE,                  :
        Plaintiff,                   :
                                     :    CIVIL NO. 3:01cv02296(RNC)
                                     :
VS.                                  :
                                     :
MELVIN WEARING, BRIAN SULLIVAN,      :
THOMAS TROCCHIO, EDWARD KENDALL,     :
ESTATE OF ANTHONY DILULLO, by Lisa   :    MARCH 4, 2004
Bull DiLullo, Legal Representative,  :
JOHN DOES,                           :
        Defendants.                  :
```

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO FILE SUPPLEMENTAL COMPLAINT AND JOIN ADDITIONAL PARTY

Plaintiff respectfully submits this memorandum in support of his motion for leave to supplement his complaint in this matter, and to join additional an additional party as a defendant.

As set forth in the accompanying motion, plaintiff seeks leave to file a supplemental amended complaint in this case. The proposed new pleading, which is attached to the motion, alleges new facts that have arisen since the date of plaintiff's amended complaint, in April 2003, and seeks the Court's permission to add Brian Norwood as a defendant in the case. Mr. Norwood has been a detective with the New Haven Police Department at all relevant times, and is currently Deputy Chief of Police. Defendants Wearing, Sullivan, Trocchio, Kendall and the late Anthony DiLullo, sued here through his estate, were at all relevant times members of the same department.

Rule 15 of the Federal Rules of Civil Procedure sets forth the rules governing amended and supplemental pleadings. Rule 15(d) provides, in relevant part, that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(c).

This rule "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary. Such amendments are will within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. County School Board, 377 U.S. 218, 227, 84 S. Ct. 1226, 1231 (1964).

Rule 21 of the Federal Rules of Civil Procedure governs joinder of parties, and gives the Court liberal power to allow new parties to be added to a lawsuit. Rule 21 states: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. By its terms, Rule 21 requires leave of court for parties to be added to a lawsuit.

Rule 15(a) states that leave to amend be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Although Rule 15(d) does not contain a similar mandate, courts have found that "the

same standards apply to motions under both these subdivisions of Rule 15." Novak v. National Broadcasting Co., 724 F. Supp. 141, 145 (S.D.N.Y. 1989). The Second Circuit has indicated that "leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." Quarantino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." Id. See, e.g., Kahn v. General Motors Corp., 865 F. Supp. 210 (S.D.N.Y. 1994)(permitting supplemental complaint to be filed on eve of trial); see generally J. Moore, 3 Moore's Federal Practice § 15.30 (2003).

When Rule 15(d) is sought to be invoked, the non-moving parties bear the burden of persuading the Court that the supplemental pleading should not be permitted. "'In order for an application to supplement a pleading to be denied, the nonmovant must demonstrate either bad faith on the part of the moving party, the futility of the claims asserted within the application, or undue prejudice to the nonmovant.'" Cohen v. Reed, 868 F. Supp. 489 (E.D.N.Y. 1994)(quoting Katzman v. Sessions, 156 F.R.D. 35, 38 (E.D.N.Y. 1994)).

Under these standards, plaintiff submits that the motion should be granted, as none of the factors are present that would allow the defendants to overcome the presumption in favor of allowing a supplemental pleading. Plaintiff has sought leave

shortly after the new facts that give rise to the supplemental pleading.  The defendants will not be prejudiced.  There is no bad faith.  The conduct alleged as to prospective defendant Norwood is of a piece with similar allegations in the current amended complaint against defendants Wearing and Sullivan -- former brother officers in the same police department.  See generally Amended Complaint, ¶¶ 116-45.  The addition of another defendant to the case at this stage should not delay the preparation of the case for trial.

Accordingly, plaintiff seeks leave of Court to supplement his amended complaint dated April 15, 2003, and to join Brian Norwood as a party defendant.

                          THE PLAINTIFF
                          JAMES VAN DE VELDE

                        By_____
                          David T. Grudberg, ct01186
                          JACOBS, GRUDBERG, BELT & DOW, P.C.
                          350 Orange St.
                          P.O. Box 606
                          New Haven, CT  06503
                          Ph.:(203) 772-3100
                          Fax:(203) 772-1691
                          Email: dgrudberg@jacobslaw.com

                          James I. Meyerson
                          396 Broadway - Suite 601
                          New York, New York 10013
                          Ph.:(212) 226-3310

                          His Attorneys

<u>Certification</u>

The undersigned hereby certifies that a copy of plaintiff's Memorandum in Support of Motion for Leave to File Supplemental Complaint and Join Additional Party was mailed first class, postage pre-paid, on March 4, 2004 to:

Stephen P. Fogerty, Esq.
Robert A. Rhodes, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

Martin S. Echter, Esq.
Deputy Corporation Counsel
165 Church St. - 4th Fl.
New Haven, CT 06510

William J. Doyle, Esq.
Kenneth D. Heath, Esq.
Wiggin & Dana
One Century Tower
New Haven, CT  06510

_____
David T. Grudberg