UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR 15 A 10: 37
U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| JAMES VAN DE VELDE, | : | |
| Plaintiff, | : | |
| V. | : | CASE NO. 3:01-CV-2296 (RNC) |
| MELVIN WEARING, et al., | : | |
| Defendants. | : | |

RULING AND ORDER

James Van de Velde brings this action pursuant to 42 U.S.C. § 1983 against New Haven police department personnel Melvin Wearing, Brian Sullivan, Thomas Trocchio, Edward Kendall and Anthony Dilullo ("the New Haven defendants"), along with Yale University officials Richard Levin, Linda Lorimer, Richard Brodhead, Thomas Conroy and James Perrotti ("the Yale defendants"), claiming that they have violated his federal constitutional rights in connection with a murder investigation in which he has been named as a suspect. State law claims are also presented. The New Haven defendants have moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, while the Yale defendants have moved to dismiss the claims against them under Rule 12(b)(6). For reasons stated below, the motions are granted, the federal claims are dismissed with prejudice, and the state law claims are dismissed without prejudice.

I. Facts

The following facts, taken from plaintiff's complaint, are assumed to be true for purposes of these motions. In the summer

of 1998, Yale University hired plaintiff as a lecturer. He served as thesis advisor for a Yale student, Suzanne Jovin. On December 4, 1998, Jovin was murdered. The Yale defendants collaborated closely with the New Haven defendants in the investigation of the murder. On or before December 9, 1998, one or more of the New Haven defendants, along with one or more of the Yale defendants, disclosed to the news media that a "male Yale teacher" was the "lead suspect" in the murder. The media guessed that plaintiff was the suspect, and the ensuing wave of publicity produced intense public scrutiny of his background and personal life.

On January 10, 1999, Brodhead, the dean of Yale College, told plaintiff that his spring courses would be canceled, and that he would not be permitted to serve as a senior essay advisor or directed reading tutor during the spring semester. The next day, Conroy, Yale's public affairs director, issued a public statement in response to inquiries about the cancellation of plaintiff's classes. He stated that while Yale presumed plaintiff to be innocent, he was in a "pool of suspects" in the Jovin murder, and police would be questioning people on campus about him in the coming weeks. Following Conroy's announcement, the New Haven defendants confirmed that plaintiff was a suspect. This triggered another wave of publicity.

Defendants have never presented any evidence to link plaintiff to the murder. In addition, male DNA recovered from Jovin's fingernails does not match plaintiff's DNA.

Nevertheless, defendants continue to label plaintiff as a suspect in the Jovin murder. No other suspect has ever been identified. As a result of the publicity, plaintiff's reputation has been irreparably damaged.

II. Discussion

    A. Applicable Standards

The standard for granting a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for granting a motion to dismiss under Rule 12(b)(6). Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). A claim may not be dismissed unless, accepting plaintiff's allegations as true, and giving him the benefit of all reasonable inferences, it is clear that the claim cannot succeed for lack of one or more essential elements. Id.

    B. Federal Claims Under 42 U.S.C. § 1983

        1. Equal Protection

Plaintiff claims that defendants treated him differently than other suspects in the Jovin case, in violation of his Fourteenth Amendment right to equal treatment by state officials, by releasing only his name to the public.[1] To successfully plead such a "class of one" equal protection claim, a plaintiff must allege facts showing that the defendant treated him differently from similarly situated persons and had no

---

[1] For purposes of these motions only, the Yale defendants do not contest plaintiff's allegation that they acted jointly with the New Haven defendants and thus acted under color of state law within the meaning of section 1983.

3

rational basis for doing so. <u>Village of Willowbrook v.Olech</u>, 528 U.S. 562, 564 (2000). Crediting plaintiff's allegation that there are other suspects in the Jovin investigation, his claim is insufficient as to both sets of defendants. The claim against the Yale defendants is insufficient because there is no allegation that any of them ever knew the names of any other suspects in the Jovin case. The claim against the New Haven defendants is insufficient because there is no allegation that they were ever asked to confirm the identity of any other suspect.

   2. <u>Right to Privacy</u>

Plaintiff claims that by revealing his status as a suspect, defendants violated his Fourteenth Amendment right to confidentiality in personal matters. <u>See</u> <u>Whalen v. Roe</u>, 429 U.S. 589, 598-99 (1977).[2] Plaintiff cites no authority for a right to confidentiality with regard to one's status as a suspect in a criminal investigation, and similar claims have been rejected. <u>See</u>, <u>e.g.</u>, <u>Paul v. Davis</u>, 424 U.S. 693, 713 (1976) (disclosing plaintiff's arrest for shoplifting did not violate right to privacy); <u>Rosenberg v. Martin</u>, 478 F.2d 520, 524-25 (2d Cir. 1973) (proclaiming plaintiff a murderer in front of TV cameras did not violate right to privacy); <u>Smith v. Coughlin</u>, 727 F.Supp. 834, 842-43 (S.D.N.Y. 1989) (disclosing that plaintiff was

---

   [2] Plaintiff alleges both a Fourteenth Amendment substantive due process violation and a Fourteenth Amendment right of privacy violation, but his opposition to defendants' motions makes it clear that these claims are essentially alike and need not be analyzed separately.

4

suspected of sexually abusing his daughter did not violate right to privacy). Accordingly, this claim also fails.

3. <u>Procedural Due Process</u>

Plaintiff claims that defendants violated his right to procedural due process under the Fourteenth Amendment because they informed the public of his status as a suspect, and thus inflicted a stigma on his reputation, without first giving him notice and an opportunity to be heard. Injury to reputation is insufficient to support a procedural due process claim. <u>Paul</u>, 424 U.S. at 708-09. Plaintiff must allege "stigma-plus," that is, he must allege that defendants stigmatized him and, in addition, altered his status under state law. Such a change in status is not alleged.[3] Accordingly, this claim fails too.

4. <u>Unreasonable Seizure</u>

Plaintiff claims that defendants violated his Fourth Amendment right to be free from unreasonable seizures, arguing that, by cementing him in the mind of the public as the prime suspect in the murder, defendants constructively arrested him and seized his good name without probable cause. A seizure of a suspect by a government official constitutes an arrest under the

---

[3] In his memorandum, plaintiff points to Yale's cancellation of his classes, its termination of his employment, and a change in his status in the U.S. Naval Reserves. The change in job duties cannot serve as the necessary change in status, <u>see</u> <u>Baden v. Koch</u>, 799 F.2d 825, 829-31 (2d Cir. 1986); the complaint does not allege that plaintiff's employment was terminated (Comp. ¶ 163.); and the adverse action of the U.S. Naval Reserves arising from harm done by defendants to plaintiff's reputation does not provide a basis for imposing liability on the defendants under the Fourteenth Amendment. <u>See</u> <u>Siegert v. Gilley</u>, 500 U.S. 226, 234 (1991).

5

Fourth Amendment when, in view of all the circumstances, the suspect reasonably believes he is not free to leave the encounter. See Michigan v. Chesternut, 486 U.S. 567, 573 (1988). A seizure of property occurs for Fourth Amendment purposes when a government official meaningfully interferes with an individual's possessory interest in the property. See United States v. Jacobsen, 466 U.S. 109, 113 (1984). Plaintiff cites no authority for the proposition that identifying a person as a suspect can violate a privacy interest protected by the Fourth Amendment's prohibition against unreasonable seizures.[4] Moreover, this apparently novel claim is generally at odds with the Supreme Court's repeated refusal to recognize a constitutional tort for injury to reputation. Accordingly, this claim is also unavailing.

C. State Law Claims

A district court may decline to exercise pendent jurisdiction over state law claims when all federal claims have been dismissed before trial. See 28 U.S.C. § 1367(c)(3). In my opinion, that is clearly the better course here. Plaintiff has pleaded common law claims for invasion of privacy and intentional infliction of emotional distress.[5] These claims raise

---

[4] The cases cited by plaintiff stand for the proposition that the Fourth Amendment shields arrestees from police conduct that unreasonably aggravates the intrusion caused by the arrest. See, e.g., Lauro v. Charles, 219 F.3d 202, 212 (2d Cir. 2000).

[5] Plaintiff appears to concede that he has not stated a claim for relief based on the Connecticut constitution. See Pl.'s Mem. at 4, n.3.

significant issues requiring a determination of the rights and duties of the parties under state tort law in the highly unusual circumstances alleged in the complaint. These issues are of particular concern to the state courts, and involve a body of law with which they are more familiar.

III. Conclusion

Accordingly, the motion to dismiss filed by the Yale defendants [Doc. #44] and the motion for judgment on the pleadings filed by the New Haven defendants [Doc. #50] are hereby granted; the federal claims are dismissed with prejudice; and the state law claims are dismissed without prejudice to refiling in state court. The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 12th day of March 2004.

Robert N. Chatigny
United States District Judge