UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES VAN DE VELDE | : | CIVIL NO. 3:01CV02296 (RNC) |
| vs. | : | |
| MELVIN WEARING, ET AL. | : | APRIL 21, 2004 |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendants Richard Levin, Linda Lorimer, Richard Brodhead, Thomas Conroy and James Perrotti ("the Yale Defendants") submit this memorandum in opposition to Plaintiff James Van de Velde's motion for reconsideration of this Court's March 15, 2004 ruling dismissing his federal law claims against them ("Ruling"), and in further support of their March 30, 2004 motion to amend the judgment and dismiss Van de Velde's state law claims with prejudice.

This Court should deny Van de Velde's motion to reconsider dismissal of his federal law claims, and as requested in the Yale Defendant's motion to amend the judgment, modify its Ruling to dismiss Van de Velde's state law claims on the merits. On the federal law claims, Van de Velde's motion for reconsideration does not present any new facts or legal arguments. His motion, rather, is nothing more than an attempt to secure a second bite at the apple by asking this Court to reconsider issues that it has already decided. The Yale Defendants addressed all of Van de Velde's arguments in their original memorandum and reply brief and respectfully refer the Court to those briefs for complete substantive responses. With respect to the state law claims, as the Yale Defendants explained in their motion to amend the judgment, this Court should dismiss those claims on the merits.

I.    **This Court Must Review Van de Velde's Motion Under a Strict Standard.**

This Court considers motions for reconsideration under a strict standard. *Scott v. Town of Monroe*, 2004 WL 547202, at *1 (D. Conn. Mar. 12, 2004). A motion for reconsideration should be denied where the moving party "advance[s] arguments already rejected," *B.H. v. Southington Bd. of Educ.*, 2004 WL 51001, at * 1 (D. Conn. Jan. 7, 2004) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)), or "seeks solely to relitigate . . . issue[s] already decided," *Weinstock v. Wilk*, 2004 WL 367618, at * 1 (D. Conn. Feb. 25, 2004) (quoting *Shrader*, 70 F.3d at 257); *see also Doyle v. Town of Litchfield*, 2003 WL 22992290, at *1 (D. Conn. Dec. 13, 2003) (describing standard). In other words, a motion for reconsideration is not just a "second bite at the apple." *Weinstock*, 2004 WL 367618, at *1. A motion for reconsideration, rather, provides the Court with the opportunity to "correct manifest errors of law or fact or to consider newly discovered evidence." *Doyle*, 2003 WL 22992290, at *1 (quoting *Channer v. Brooks*, 2001 WL 1094964, at *1 (D. Conn. Sept. 10, 2001)). Thus, the Court should deny the motion unless the movant identifies newly discovered facts, an intervening change in law, or a legal point overlooked by the court "which, if left unredressed, would result in clear error or cause manifest injustice." *Weinstock*, 2004 WL 367618, at *1 (quoting *Metro. Entm't Co., Inc. v. Koplik*, 25 F. Supp. 2d 367, 368 (D. Conn. 1998)).

Van de Velde's motion fails to satisfy this exacting standard, and the Court should decline Van de Velde's invitation to revisit its Ruling on his federal law claims.

II.   **Van de Velde's Motion Should Be Denied Because it Attempts to Relitigate Issues Already Properly Decided.**

Van de Velde's motion merely reiterates the factual allegations in his Complaint and the legal arguments from his opposition to the Yale Defendants' motion to dismiss. Contrary to Van de Velde's assertions in his motion, this Court properly considered and rejected those allegations and arguments, and Van de Velde offers no new facts or law warranting a change in its Ruling.

A.   **Factual Allegations:** Van de Velde asserts that the Court misread his Complaint in favor of the defendants, *see* Mot. for Reconsideration at 2-4, but cites only one example of this purported misreading. The Court's ruling characterizes the Complaint as alleging that, in December 1998, the defendants disclosed that "a male Yale teacher" was the "lead suspect' in the Jovin investigation and the media "guessed" that Van de Velde was the suspect. Van de Velde now claims his complaint can fairly be read as alleging that the defendants actually leaked his name to the press. *See id.* at 3.

The Yale Defendants submit that the Court's Ruling accurately characterizes Van de Velde's Complaint, along with the attached newspaper articles on which it relies, regarding the events of December 1998. In any event, even if Van de Velde's Complaint could be read as he now claims (or were amended to so read), it would make no difference for purposes of the Court's Ruling.[1] Indeed, the Court's Ruling, *on the very same page* Van de Velde cites as evidence of the Court's misreading his Complaint, notes that in January 1999 the defendants

---

[1] For this reason, the Court should also deny Van de Velde's request to replead his complaint "to fill in whatever gaps the Court believes must be filled in." Mot. for Reconsideration at 4; *see also id.* at 6.

3

identified him, and only him, as a suspect in the Jovin murder. *See* Ruling at 2. In other words, the Court recognized that the crux of Van de Velde's allegations was his being publicly singled out as a suspect, but simply held that these allegations did not state a claim under federal law. Van de Velde's motion offers no reason for the Court to reconsider that decision.

**B.     Equal Protection:** Van de Velde argues that the Court was wrong to dismiss his equal protection claim as to the Yale Defendants on the ground that there was no allegation that they knew the identities of any other suspects, for two reasons: (1) he alleged a concert of action between the Yale and New Haven Defendants, so Yale's knowledge is irrelevant; and, therefore, (2) the Yale Defendants' knowledge of other suspects' names can be inferred from his Complaint. But even crediting his new allegation that the Yale Defendants must have known the identities of other suspects, Van de Velde still has not alleged that they treated him differently from other similarly situated suspects – that is, that Yale was aware of other suspects who were Yale faculty members or employees with regular contact with students, and did not take actions to remove them from the classroom and respond truthfully to inquires regarding their status. *See* Yale Defs. Dec. 12, 2003 Reply Br. ("Yale Reply") at 2-3. In addition to this clear failure to adequately plead differential treatment, the Court also properly dismissed his equal protection claim for failure to plead either malice, *see* Yale Defs. Jul. 30, 2003 Mem. in Support of Mot. to Dismiss ("Yale Mem.") at 24-26, or the lack of a rational basis for his treatment, *see id.* at 26-27 (citing, *inter alia, Connolly v. McCall*, 254 F.3d 36, 42-42 (2d Cir. 2001) (under rationality review, "it can be appropriate to dismiss an equal protection challenge on the pleadings and prior to discovery"). As the Yale Defendants stated in their briefs, the defendants had legitimate

4

reasons for revealing information about the Jovin investigation. *See, e.g., id.* at 26-27. The Court's Ruling was correct.

**C.    Privacy:** The Court's Ruling properly noted that Van de Velde has offered no authority for a right to confidentiality with regard to his status as a criminal suspect, Ruling at 4, and Van de Velde's motion does little more than rehash the arguments from his opposition brief, *see* Mot. for Reconsideration at 8 (discussing right to confidentiality and autonomy). Further, Van de Velde still does not claim that the defendants restricted his autonomy and, as the Yale Defendants noted in their earlier briefs and as the Court recognized, the right to confidentiality has been strictly limited to medical, sexual and, in certain limited circumstances, financial matters. *See* Yale Mem. at 28-30. Van de Velde continues to invite this Court to change the law of privacy. The Court was right to decline that invitation the first time, and Van de Velde has offered no reason to revisit that decision.[2]

**D.    Procedural Due Process:**    Van de Velde's only argument in support of reconsidering this Court's dismissal of his due process claims is that his Complaint alleged certain changes "to his legal rights or status." Mot. for Reconsideration at 9. The Court properly considered, and rejected, these purported changes in its Ruling. *See* Ruling at 5 n.3; *see also* Yale Mem. at 16-19; Yale Reply at 6-9. Van de Velde also reiterates his general view that there was "governmental involvement . . . .related to the law enforcement function," Mot. for

---

[2] Van de Velde also re-argues that the Court wrongly conflated his privacy claims with his substantive due process claims. *See* Mot. for Reconsideration at 8. But as Van de Velde's motion appears not to challenge the dismissal of his substantive due process claims, it is unclear

Reconsideration at 9, without providing any new information that would support reconsideration. Van de Velde cannot relitigate these matters on a motion for reconsideration, *see supra* at 1-2.

E.   **Fourth Amendment:**  Similarly, Van de Velde's only argument in support of his Fourth Amendment claims is that the Court rejected his reading of case law supposedly supporting his claim that the defendants "constructively seized" his good name.  Mot. for Reconsideration at 9-10 (citing *Lauro v. Charles*, 219 F.3d 202, 212 (2d Cir. 2000); *Ayeni v. Mottola*, 35 F.3d 680 (2d Cir. 1994)).  For the reasons already set forth in the Yale Defendants' Reply Brief, *see* Yale Reply at 5-6 & n.6, the Court's ruling correctly characterized these authorities as pertaining to conduct that unreasonably aggravates an otherwise lawful physical intrusion, *see* Ruling at 6 n.4.  Van de Velde once again seeks a second chance for this Court to change the law, and this Court should reject that request.

III.   **The Court Should Dismiss Van de Velde's State Law Claims With Prejudice.**

Finally, in his motion Van de Velde asks this Court to address his arguments regarding his state law claims for false light invasion of privacy and intentional infliction of emotional distress.  *See* Mot. for Reconsideration at 10.  In its Ruling, the Court declined to exercise supplemental jurisdiction over these claims and dismissed them without prejudice to Van de Velde's refiling them in Connecticut Superior Court.  Ruling at 6-7.  Van de Velde argues that because his Complaint properly alleged diversity of citizenship as an independent basis for this

---

why this would matter, if at all.  In any event, Van de Velde's brief expressly tied his substantive due process claims to his right to privacy. *See* Van de Velde's Nov. 19, 2003 Opp. at 28-30.

6

Court's jurisdiction over these claims, the Court was required to rule on the sufficiency of these claims under Rule 12(b)(6).

The Yale Defendants agree that this Court should address the merits of Van de Velde's state law claims, and have separately moved to amend the Court's judgment on that basis. *See* Yale Defs. Mar. 30, 2004 Mot. to Alter or Amend Judgment; *see also Pilarczyk v. Morrison-Knudsen Corp.*, 965 F. Supp. 311, 321 n.9 (N.D.N.Y. 1997) (addressing sufficiency of state law claims on motion to dismiss, even though all federal law claims had already been dismissed, because plaintiff had properly alleged diversity jurisdiction), *aff'd*, 162 F.3d 1148 (2d Cir. 1998). For the reasons set forth in the Yale Defendants' earlier briefs, this Court should dismiss Van de Velde's state law claims with prejudice. *See* Yale Mem. at 33-40; Yale Reply at 9-10.

## IV.   Conclusion

For the foregoing reasons, the Court should deny Van de Velde's motion for reconsideration of Van de Velde's federal law claims, and grant the Yale Defendants' motion to amend the judgment to dismiss Van de Velde's state law claims with prejudice.

Respectfully submitted,

DEFENDANTS
RICHARD LEVIN, LINDA LORIMER,
RICHARD BRODHEAD, THOMAS CONROY,
AND JAMES PERROTTI

By: _____
William J. Doyle (ct04190)
Sandra Slack Glover (ct24354)
Kenneth D. Heath (ct23659)
of Wiggin & Dana LLP
One Century Tower
P. O. Box 1832
New Haven, CT  06508-1832
Tel:  (203) 498-4308
Fax:  (203) 789-2889
email:  kheath@wiggin.com
Their Attorneys

## **CERTIFICATION**

This is to certify that on this 21st day of April, 2004, a copy of the foregoing was mailed, postage prepaid, to:

David T. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT 06503

James I. Meyerson, Esq.
396 Broadway, Suite #601
New York, NY 10013

Martin S. Echter, Esq.
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510

Robert A. Rhodes, Esq.
Stephen P. Fogerty, Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880

Kenneth D. Heath (ct23659)

\490\177\461640.1