**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAMES VAN DE VELDE | : | CIVIL ACTION |
| | : | NO. 3:01 CV 02296 (RNC) |
| V. | : | |
| MELVIN WEARING, ET AL | : | APRIL 21, 2004 |

# OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION DATED APRIL 1, 2004

## I. INTRODUCTION

The present matter arises from the investigation by members of the New Haven Police Department into the murder of Suzanne Jovin. The plaintiff claims that he was identified as a suspect in the investigation and that this violated his rights under the Equal Protection Clause, the Due Process Clause, as well as, several common law rights. The district court recently granted the Motion for Judgment on the Pleadings filed by the New Haven defendants based on arguments raised in the Motion to Dismiss filed by the Yale defendants. The plaintiff now moves for reconsideration of this ruling claiming that the court erred in dismissing his federal claims. The New Haven defendants object to this motion.

II. ARGUMENT

A. EQUAL PROTECTION CLAIM

The plaintiff now claims that the court erred in dismissing his claim under the Equal Protection Clause. Specifically, the plaintiff claims that he alleged in his Amended Complaint that one or more of the New Haven defendants leaked his identity to the media as a suspect in the investigation. The plaintiff's argument fails for two reasons. First, such an allegation is not set forth in the Amended Complaint. Second, such an allegation, if made, would not alter the court's ruling.

"As a general matter, the equal protection clause serves to protect suspect classes and fundamental interests against inequitable treatment, but other types of inequities and classifications may be justified by a showing of mere rationality." LeClair v. Saunders, 627 F.2d 606, 611 (2nd Cir. 1980), citing Dandridge v. Williams, 397 U.S. 471, 487 (1970). "The key here is that the equal protection clause is primarily concerned with classes or groups, not individuals. ... [A] case invoking the equal protection clause, if it is to succeed, must allege something more than a tort, personal to the plaintiff." Id, (citations omitted). A "conscious exercise of some selectivity ... is not in itself a federal constitutional violation,' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

arbitrary classification." LeClair v. Saunders, 627 F.2d 606, 611, citing Oyler v. Boles, 368 U.S. 448, 456 (1962).

In the present case, the plaintiff is not a member of a protective class, so the court has treated his claim as a 'class of one' claim under the Equal Protection Clause. A "class of one" may bring a claim under the Equal Protection Clause "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 563 (2000).

In reconciling the Supreme Court's decision in Willowbrook with the Second Circuit's current standard for selective enforcement claims, the district court in Payne v. Huntington Union Free Sch. Dist., 219 F. Supp. 2d 273, 278 (E.D.N.Y. 2002) held that a plaintiff must prove that:

> (1) a group of similarly-situated individuals exists; (2) [the plaintiff] was treated differently from that group; (3) the decision-maker intentionally treated [the plaintiff] differently; and (4) the motivation for the disparate treatment was (a) based on impermissible reasons such as race; (b) based on ill will or personal animosity; or (c) made for wholly arbitrary reasons lacking any rational basis.

Id.

In the present case, there are no factual allegations of malice or bad faith. The plaintiff has not alleged any prior relationship with any of the New Haven defendants or any prior history of acrimony between himself and the New Haven defendants. In fact, none exists. Rather, the plaintiff has merely alleged that the defendants "had a strong

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

desire and motive to show progress in the murder investigation." This allegation is insufficient to demonstrate or infer malice or bad faith. In fact, every police department has a "strong motivation to show progress" in any investigation of any crime. Such a legitimate and common motivation cannot serve as the basis for a constitutional violation.

A close examination of the allegations of paragraphs 66 and 67 of the plaintiff's Amended Complaint reveals that the plaintiff alleges that sometime prior to December 9, 1998, "city and university sources" stated that an educator was the "lead suspect" and that a "male Yale teacher" had been questioned. The complaint further alleges that, at that time, Detective Sullivan stated that the police had no suspects. The complaint then *assumes* that the information concerning the lead suspect "could only have come, directly or indirectly, from one or more of the New Haven defendants."

There is no allegation that the plaintiff's name or identity was actually disclosed to the media by one or more of the defendants. In fact, the plaintiff could not make such an allegation in good faith. Rather, there is only an assumption by the plaintiff that one or more New Haven must have disclosed information that a male Yale educator was the lead or prime suspect. Therefore, the court's original rational for entering judgment remains intact.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Additionally, the Amended Complaint does not sufficiently allege that any other similarly situated individuals existed at the time of the alleged disclosure. According to the Amended Complaint, there were no "lead" or "prime" other than the plaintiff. Also, a "pool of suspects" only developed sometime after the time the plaintiff assumes that his identity was disclosed to the media. Thus, there were no similarly situated individuals at the time of the alleged "leak" and the plaintiff's equal protection claim fails as a matter of law.

Finally, any disclosure of the plaintiff as a suspect would not violate the Equal Protection Clause. Such a disclosure, if made, would be rationally related to the legitimate goal of providing information to the public regarding the investigation of a matter of public concern, ie. the murder of Suzanne Jovin. Such a disclosure would also be reasonably calculated to elicit the aid and cooperation of members of the public who might possess some information concerning the crime, as the plaintiff has even suggested in ¶ 74 of his Amended Complaint.

Therefore, the plaintiff's claims under the Equal Protection Clause fail because he was not treated differently from any similarly situated individuals. Further, assuming *arguendo* that any such treatment occurred, it would be supported by a rational basis.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

B. RIGHT TO PRIVACY

The plaintiff also claims that the court erred in dismissing his 'right to privacy' claim under the Due Process Clause. The plaintiff claims that he has a privacy interest in information regarding his status as a suspect in a murder investigation.

In considering whether certain types of information are afforded protection under the Fourteenth Amendment's Due Process Clause, the court "must consider, (1) if the party asserting the right has a legitimate expectation of privacy [in that information], (2) if disclosure serves a compelling state interest, and (3) the disclosure can be made in the least intrusive manner." Stidham v. Peace Officer Standards and Training, 265 F.3d 1144, 1155 (10th Cir. 2001), *citing* Denver Policemen's Protective Ass'n v. Licktenstein, 660 F.2d 432, 435 (10th Cir. 1981). "However, in evaluating information under this test, 'we need not address the second and third factors if the first is not met." Id, *citing* Falco v. Owasso Indep. Sch. Dist. No. I-011, 233 F.3d 1203, 1209.

In Stidham, the Tenth Circuit held that the defendant's disclosure of allegations that the plaintiff officer had raped a young woman and assaulted another individual were not constitutionally protected. "[A]s we have previously noted, 'a validly enacted law places citizens on notice that violations thereof do not fall into the realm of privacy' and 'criminal activity is thus not protected by the right to privacy.'" Id, *citing* Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir. 1995). "It is irrelevant to a constitutional privacy

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

analysis whether these allegations are true or false." Id. Only information which is of a "highly personal or intimate" nature warrant constitutional protection. Nilson, 45 F.3d at 372. Information concerning potential criminal conduct is clearly not highly personal or intimate in nature.

In the present case, information concerning the plaintiff's status as a suspect in a murder investigation is not protected by the Fourteenth Amendment. This is information is neither personal nor intimate information, rather it is information regarding a subject of obvious public concern. Therefore, his claim fails as a matter of law.

C. DUE PROCESS

The plaintiff also claims that the court erred in not finding that he had not properly alleged 'stigma plus' in his Amended Complaint. "Mere defamation by the government does not deprive a person of liberty protected by the Fourteenth Amendment, even when it causes serious impairment of ones future employment." Hojnacki v. Klein-Acosta, 285 F.3d 544, 548 (7th Cir. 2002). Rather, it is only the "alteration of legal status, which combined with the injury resulting from defamation, justif[ies] the invocation of procedural safeguards." Paul v. Davis, 424 U.S. 693, 708-09, 96 S.Ct. 1155 (1976). "In such cases, the employee's good name, reputation, honor or integrity must be called into question in a manner that makes it virtually impossible for the

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

employee to find new employment in his chosen field." Townsend v. Vallas, 256 F.3d 666, 670 (7th Cir. 2001). The protections of the Due Process Clause in this context do not extend to particular jobs with specific employers.

In the present case, the plaintiff has not alleged that his legal status was changed by the actions New Haven defendants. In fact, he was not arrested or ever taken into custody. Nor has the plaintiff alleged that he was barred from the profession of his choice by the actions of the New Haven defendants or that it became virtually impossible to find new employment in the profession of his choice. Rather, he has alleged only unspecified "lost employment opportunities". See ¶ 162.

Additionally, cases recognizing due process claims based on defamation have ordinarily dealt with situations where the state actor was the employer and had either terminated, disciplined or somehow directly prevented an individual from obtaining employment. See Townsend v. Vallas, 256 F.3d 661 (7th Cir. 2001)(defendant board of education took certain employment actions against school district employees following the drowning death of a student); Hojnacki v. Klein-Acosta, 285 F.3d 544 (7th Cir. 2002)(plaintiff physician was terminated by defendant department of corrections officers for bringing contraband into facility which resulted in plaintiff unable to obtain similar employment in other corrections facilities in Illinois); Stidham v. Peace Officer Standards and Training Division, 265 F.3d 1144 (10th Cir. 2001)(defendant directly

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

supplied potential employer law enforcement agencies with information that the plaintiff had raped a young woman, assaulted a citizen and resigned from his prior law enforcement position under threat of termination and was "at risk" as a police officer). In the present case, the New Haven defendants were not the plaintiff's employer and did not take any action, directly or indirectly, to terminate him or prevent him from finding any employment.

The plaintiff's allegations meet neither elements of the 'stigma-plus' claim. First, his legal status was not changed by the actions of the New Haven defendants. Second, the plaintiff has not alleged that the acts of the New Haven defendants have rendered him 'virtually unable to find new employment in his chosen field'. Therefore, his procedural due process claim is insufficient as a matter of law.

D. UNLAWFUL SEIZURE

As the court has already noted, there is no allegation that the New Haven defendants seized the plaintiff or took him into custody. Further, there is no allegation that the plaintiff ever felt confined by the New Haven defendants or that he reasonably believed that he was unable to leave. Rather, the plaintiff only offered an unsupported theory that injury to his reputation constitutes a seizure under the Fourth Amendment. Therefore, the courts prior holding should stand.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

III. CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Reconsideration should be denied.

THE DEFENDANTS:
MELVIN WEARING, BRIAN SULLIVAN
THOMAS TROCCHIO, EDWARD
KENDALL, and the ESTATE OF
ANTHONY DILULLO

BY: ______________________

Robert A. Rhodes of
Halloran & Sage, LLP
Federal Bar #: CT13583
315 Post Road West
Westport, CT 06880

- 10 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

**CERTIFICATION**

This is to certify that on this 22nd day of April, 2004, a copy of the foregoing was mailed to all counsel and pro se parties of record, to wit as follows:

David Grudberg
The Law Offices of Jacobs, Grudberg & Belt
350 Orange Street
New Haven, CT 06511

James I. Meyerson
396 Broadway, Suite 601
New York, NY 10013

Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510

William J. Doyle
Kenneth d. Heath
Wiggin & Dana
One Century
New Haven, CT 06510

____________________________
ROBERT A. RHODES

541574.1(HS-FP)

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195