UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES VAN DE VELDE,<br>        Plaintiff,<br><br>v.<br><br>MELVIN WEARING et al,<br>        Defendants. | )<br>)<br>)<br>)<br>)   Civil No. 3:01cv02296 (RNC)<br>)<br>)<br>)   NOVEMBER 16, 2005<br>) |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The Yale Defendants hereby respond to Plaintiff James Van de Velde's October 31, 2005 notice of supplemental authority (#85) regarding his April 1, 2004 motion for reconsideration (#76) of this Court's March 15, 2004 ruling dismissing this lawsuit (#70). Even assuming that Van de Velde's supple mental filing is proper, neither of his purportedly "new" authorities satisfies the strict requirements for reopening this Court's federal constitutional ruling. *Doyle v. Town of Litchfield*, 2003 WL 22992290, at *1 (D. Conn. Dec. 13, 2003).

Van de Velde relies on an unpublished decision in *Hatfill v. Ashcroft*, No. 03-1793 (D.D.C. Sept. 16, 2005), but *Hatfill* expressly rejected the sort of "stigma-plus" claim Van de Velde made here. There, a biomedical researcher claimed that the government's announcement that he was a "person of interest" in an anthrax investigation, coupled with orders depriving him of government-funded work, stated a stigma-plus claim. Even though Hatfill, unlike Van de Velde, had alleged a termination of employment, the district court dismissed his stigma-plus claim, holding that the announcement was not defamatory because Hatfill *was* a person of interest – just as Van de Velde *was* a suspect in the Jovin murder. If anything, *Hatfill* supports the Court's ruling in this case. The other D.C. Circuit theory of liability noted in *Hatfill* – "government stigmatization that *broadly precludes* individuals . . . from a chosen trade or

business," *Hatfill* at 19 (emphasis added) (citing *Trifax Corp. v. District of Columbia*, 314 F.3d 641, 644 (D.C. Cir. 2003)) – is inapposite here, where Van de Velde's complaint alleges only that his duties at Yale changed and that his status in the Naval Reserves was somehow altered. *Trifax*, 314 F.3d at 644 (plaintiff claiming "broad preclusion" must show that government has "seriously affected, if not destroyed" his ability to work in his field) (citations omitted).

Van de Velde also relies on a statement in *Velez v. Levy*, 401 F.3d 75, 89 (2d Cir. 2005), that "perfect parity in the origin of both the 'stigma' and the 'plus' is not required to state the infringement of a 'stigma-plus' liberty interest," but that does not advance his claim here. The court expressly conditioned such a stigma-plus claim on two predicates: (1) "the stigma and plus would, to a reasonable observer, appear connected," and (2) "the actor imposing the plus *adopted* (explicitly or implicitly) those statements in doing so." *Id.* (emphasis added). The *Velez* court upheld a stigma-plus claim where the chancellor removed a member of school board based on his adoption of accusations other members made against her. *Id.* at 87-90. Van de Velde's complaint provides no allegations in this regard; his alleged alteration to his Naval Reserve status remains the "typical consequence[] of a bad reputation" and, under settled law, is not actionable. *Siegert*, 500 U.S. at 234; *Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994). Further, *Velez* dismissed claims against all defendants who lacked authority to provide due process to the plaintiff or to change her status. 401 F.3d at 93. Accordingly, even assuming *Velez* changed the law, it does not support reconsidering Van de Velde's claims against the Yale Defendants, who could not provide due process to him or alter his status in the Naval Reserves.

For the foregoing reasons and those set forth in the Yale Defendants' April 21, 2004 opposition, the Court should deny Van de Velde's motion for reconsideration.

Dated: November 16, 2005
New Haven, Connecticut

Respectfully submitted,

DEFENDANTS
RICHARD LEVIN, LINDA LORIMER,
RICHARD BRODHEAD, THOMAS CONROY,
AND JAMES PERROTTI

By: _____
Aaron S. Bayer (ct12725)
Kenneth D. Heath (ct23659)
of Wiggin and Dana LLP
One Century Tower
P. O. Box 1832
New Haven, CT  06508-1832
Tel:  (203) 498-4400
Fax:  (203) 789-2889
email:  kheath@wiggin.com
Their Attorneys

3

**CERTIFICATION**

This is to certify that on this 16th day of November, 2005, a copy of the foregoing was mailed, postage prepaid, to:

David T. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503

James I. Meyerson, Esq.
396 Broadway, Suite #601
New York, NY  10013

Martin S. Echter, Esq.
Rodger W. Lehr, Esq.
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510

Robert A. Rhodes, Esq.
Stephen P. Fogerty, Esq.
Halloran & Sage
315 Post Road West
Westport, CT  06880

_____
Kenneth D. Heath (ct23659)

\490\177\562957.1