# EXHIBIT E

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 750856 (D.Conn.)
(Cite as: Not Reported in F.Supp.2d, 2002 WL 750856 (D.Conn.))

Page 1

**H**
Padilla v. Harris
D.Conn.,2002.
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.
Misael PADILLA
v.
Thomas HARRIS, et al.
No. 3:01CV1661(JBA).

April 24, 2002.

MEMORANDUM OF DECISION ON MOTION TO DISMISS [# 15]

ARTERTON, J.
*1 Misael Padilla, a former employee of the Connecticut Department of Mental Retardation ("DMR"), filed this lawsuit under 28 U.S.C. § 1983 against Thomas Harris, the DMR Personnel Manager, Angela Papale, the DMR Assistant Regional Director, and Peter O'Meara, the DMR Commissioner, alleging violations of the equal protection clause of the Fourteenth Amendment after he was terminated following an incident in which a patient was found with dried blood and bruises on her face. According to plaintiff's allegations, while an investigation of the incident uncovered a series of problems relating to supervision and staffing, only he was terminated and no disciplinary action of any kind was taken against any of the other-female-staff members. Plaintiff alleges that his termination was irrational, arbitrary and intentional discrimination in violation of equal protection under both a "class of one" theory and as sex discrimination.

Defendants have moved to dismiss the "class of one" claim, arguing that plaintiff fails to state a claim upon which relief can be granted because he does not allege that he was maliciously singled out for differential treatment. Plaintiff, in turn, contends that under the Supreme Court's decision in *Village of Willowbrook v. Olech,* 528 U.S. 562 (2000), an allegation of subjective ill-will or malice is not required to make out a valid "class of one" equal protection claim.

In *Olech,* the plaintiff had alleged that the defendant Village had intentionally demanded a 33-foot easement as a condition of connecting her property to the municipal water supply, while a 15-foot easement was demanded from similarly situated property owners. 528 U.S. at 565. The plaintiff's "complaint also alleged that the Village's demand was 'irrational and wholly arbitrary' and that the Village ultimately connected her property after receiving a clearly adequate 15-foot easement."*Id.* On the basis of these allegations, the Supreme Court concluded that the complaint "state[d] a claim for relief under traditional equal protection analysis."*Id.* Accordingly, the Court declined to address the theory of subjective ill will relied upon by the Seventh Circuit.[FN1]

> FN1. The plaintiff had also alleged that the Village acted with ill will because she had previously filed a successful lawsuit against it on an unrelated matter. *Id.* at 563. Because of this allegation, the Seventh Circuit had reversed the district court's grant of a motion to dismiss.

While the Second Circuit has stated that proof of subjective ill-will is not an essential element of an equal protection claim, *Jackson v. Burke,* 256 F.3d 93, 97 (2d Cir.2001), more recently, that court has described *Jackson's* observation as *dicta,* and has expressly declined to address whether *Olech* has removed the requirement of malice or ill-will. *Harlen Assoc. v. Incorporated Village of Mineola,* 273 F.3d 494, 499-500 (2d Cir.2001); *see also Giordano v. City of New York,* 274 F.3d 740, 751 (2d Cir.2001) (declining to determine whether *Olech* modified the circuit's requirement that a plaintiff allege an illicit motive because plaintiff had not provided any evidence that he was intentionally subjected to differential treatment).[FN2]

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 750856 (D.Conn.)  
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 750856 (D.Conn.))**

Page 2

FN2. In *Presnick v. Orange*, 152 F.Supp.2d 215, 224 (D.Conn.2001), relied upon by defendants, this Court noted that *Olech* had held that "[o]ur cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment." This Court also stated that in the Second Circuit, "it is established that a plaintiff can establish a violation of equal protection where 'the person, compared with others similarly situated, was selectively treated; and (2) such selective treatment was based on impermissible considerations such as ... intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Id.* (quoting *Crowley v. Courville*, 76 F.3d 47, 52-53 (2d Cir.1996)). In *Presnick*, however, this Court found that even if the plaintiff had created a disputed fact as to the existence of malice, the defendant was entitled to summary judgment because the undisputed facts demonstrated no evidence of differential treatment. Thus, the issue of malice *vel non* (and its significance) was not dispositive. Moreover, *Presnick* was decided before the Second Circuit's recent discussions of *Olech*, and the Court's conclusions in the instant case are informed by the more recent Second Circuit caselaw.

*2 Defendant argues that the Court should follow the two circuit courts that have concluded that, notwithstanding the seemingly unambiguous language of *Olech*, an allegation of illicit motivation is still required. *See Shipp v. McMahon*, 234 F.3d 907 (5th Cir.2000); *Hilton v. City of Wheeling*, 209 F.3d 1005 (7th Cir.2000).

In *Shipp*, the Fifth Circuit stated, citing only *Olech*, that "[t]o state a claim sufficient for relief, a single plaintiff must allege that an illegitimate animus or ill-will motivated her intentionally different treatment from others similarly situated and that no rational basis existed for such treatment." As this Court cannot find a basis in *Olech* for that proposition-and indeed, *Olech* expressly declined to reach the Seventh Circuit's alternative theory of subjective ill will-the Court does not find this decision persuasive.

In *Hilton*, the Seventh Circuit was faced with a claim of unequal police protection, where the plaintiff did not allege that he was denied protection because of any malice or ill-will on the part of the police department and provided no evidence in opposition to summary judgment as to why the police declined to respond to his complaints. In considering whether any evidence of improper motivation was required after *Olech*, the court observed:

The role of motive is left unclear by the Supreme Court's decision. On the one hand the Court recited the standard formula that the equal protection clause forbids intentional differences in treatment for which there is no rational basis. On the other hand it said that the claim that the difference in treatment was "*irrational and wholly arbitrary*" (emphasis added) was sufficient and that the Court was not reaching our "alternative theory of 'subjective ill will.'" 120 S.Ct. at 1075. If a merely unexplained difference in police treatment of similar complaints made by different people established a prima facie case of denial of equal protection of the laws, the federal courts would be drawn deep into the local enforcement of petty state and local laws. Repeating what we said in our opinion in *Olech*, and Justice Breyer in his concurring opinion in the Supreme Court, 120 S.Ct. at 1075, we gloss 'no rational basis' in the unusual setting of 'class of one' equal protection cases to mean that to make out a prima facie case the plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 3
Not Reported in F.Supp.2d, 2002 WL 750856 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 750856 (D.Conn.))**

of the defendant's position.

*Id.* at 1008.

Unlike *Hilton,* this case is before the Court on a motion to dismiss.[FN3] The Court cannot ignore the plain language of the Supreme Court in *Olech* that allegations that a plaintiff had been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" were sufficient to state a claim for denial of equal protection. 528 U.S. at 564. Plaintiff's allegations here that "[t]he disparate treatment to which the defendants subjected the plaintiff was arbitrary, intentional and irrational," Second Amended Compl. at ¶ 10, are sufficient under *Olech* to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

> FN3. While this case may eventually present the issue whether *Olech* has modified the Second Circuit's requirement that the plaintiff prove that the differential treatment was based on either "impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person,"*Lisa's Party City, Inc. v. Town of Henrietta,* 185 F.3d 12, 16 (2d Cir.1999) (citations omitted), the Court finds that such a ruling would be premature at this point. If, after discovery, it appears that plaintiff's claim fails for absence of evidence of intentional disparate treatment, *cf.Giordano,* 274 F.3d at 751, or for lack of evidence of wholly arbitrary treatment, this Court would not be required to resolve the standard for proving a denial of equal protection. On the other hand, if plaintiff's proof suggests a motivation falling somewhere between "wholly arbitrary" and subjective ill-will, then the Court will be required to ascertain what quantum of evidence is required after *Olech.*

*3 Defendant's motion is therefore DENIED.

D.Conn.,2002.
Padilla v. Harris
Not Reported in F.Supp.2d, 2002 WL 750856 (D.Conn.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.